UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CLARENCE MILLER, <br><br> Plaintiff, <br><br> v. <br><br> SHALANA, <br><br> Defendant. | CAUSE NO. 3:25-CV-746-HAB-ALT |

OPINION AND ORDER

Clarence Miller, a prisoner without a lawyer, filed an amended complaint against Nurse Shalana. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Miller's allegations in the amended complaint mirror those in his earlier complaint. ECF 1; ECF 6. He alleges that he saw Nurse Shalana at the Miami Correctional Facility on May 31, 2025, for a callus on his right foot. He says she told him she would schedule him to see a doctor, but after fourteen days he still had not seen a doctor. Miller's complaint contains no further factual allegations, although he includes exhibits showing that he was seen by a doctor on July 17, 2025. ECF 6-1 at 2.

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). "In the inadequate medical care context, deliberate indifference does not equate to medical malpractice; the Eighth Amendment does not codify common law torts. It is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021) (quotation marks, citations, parenthesis and brackets omitted.). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> And we must give medical professionals a great deal of deference in their treatment decisions. Accordingly, a constitutional violation exists only if no minimally competent professional would have so responded under those circumstances. When a plaintiff's claim focuses on a medical professional's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.

*Johnson v. Dominguez*, 5 F.4th 818, 824–25 (7th Cir. 2021) (quotation marks, citations, brackets).

It is unclear why there was a delay in scheduling Miller to be seen by a doctor, but it is clear that the amended complaint does not contain facts from which it can be plausibly inferred that Nurse Shalana was responsible for the delay or deliberately indifferent to any serious medical needs associated with Miller's callus.

As previously explained (ECF 4 at 2-3), a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The amended complaint does not state a claim for which relief can be granted. The court has already granted Miller one opportunity to amend the complaint, and the amendment did not address the deficiencies highlighted in the court's order. "The usual

3

standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 24, 2025.

    s/ Holly A. Brady  
    CHIEF JUDGE HOLLY A. BRADY  
    UNITED STATES DISTRICT COURT